1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  DENNIS SHARKEY,                        )   No. C 09-4341 JSW (PR)
                                          )
10                                        )   **ORDER OF SERVICE;**
               Plaintiff,                 )   **DIRECTING DEFENDANT TO FILE**
11                                        )   **DISPOSITIVE MOTION OR**
                                          )   **NOTICE THAT SUCH MOTION IS**
12             v.                         )   **NOT WARRANTED**
                                          )
13  PAROLE AGENT E. O'NEAL, PAROLE )
    AGENT D. GRAHAM, PAROLE               )   (Docket Nos. 2, 4, 6)
14  AGENT S. FOSTER, PAROLE               )
    DIVISION SUPERVISOR C. SYDNEY, )
15                                        )
               Defendant.                 )
16  _____      )

17
18                                **INTRODUCTION**

19         Plaintiff, currently a civil detainee at Coalinga State Hospital in Coalinga,

20  California, has filed this pro se civil rights complaint alleging that his constitutional and

21  civil rights were violated by certain parole officials in Alameda County when he was out

22  on parole.  Plaintiff has also filed an application to proceed *in forma pauperis* which is

23  GRANTED in a separate order filed simultaneously.  This Court now reviews the

24  Complaint pursuant to 28 U.S.C. § 1915A and serves the complaint as set forth below.

                                  **STANDARD OF REVIEW**
25
26         Federal courts must engage in a preliminary screening of cases in which prisoners

27  seek redress from a governmental entity or officer or employee of a governmental entity.

28  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the

complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff claims that he is wheelchair bound and that Defendant individual Parole Division Officers and Supervisor violated his rights by and how they moved him to a residence that was inadequate for his medical and accessibility needs when it was determined that he could not continue to reside in his accessible residence of more than four years after the enactment of "Jessica's Law."  Plaintiff complains that Defendants violated Title VII, the Americans with Disabilities Act and various constitutional rights under 42 U.S.C. § 1983 in the unreasonable and discriminatory manner in which he was moved to an unsafe living environment.  Having reviewed the complaint, the Court finds Plaintiff's allegations, when liberally construed, state a cognizable claim against named Defendants.

### MOTION FOR COUNSEL

Plaintiff has filed a motion seeking appointment of counsel to represent him (docket no. 4).  However, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  A court "may

2

1   request an attorney to represent any person unable to afford counsel." 28 U.S.C. §

2   1915(e)(1).

3        The decision to request counsel to represent an indigent litigant under § 1915 is

4   within "the sound discretion of the trial court and is granted only in exceptional

5   circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of

6   the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation

7   of the likelihood of the plaintiff's success on the merits and an evaluation of the

8   plaintiff's ability to articulate his claims pro se in light of the complexity of the legal

9   issues involved.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103

10  (9th Cir. 2004); *Rand*, 113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th

11  Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these

12  factors must be viewed together before reaching a decision on a request for counsel

13  under § 1915.  *See id.*   Plaintiff's motion is DENIED without prejudice, for want of

14  exceptional circumstances (docket no. 4).

## CONCLUSION

16       For the foregoing reasons, the Court orders as follows:

17       1.  The Clerk of the Court shall issue summons and the United States Marshal

18  shall Clerk of the Court shall issue summons and the United States Marshal shall serve,

19  without prepayment of fees, a copy of the Complaint and all attachments thereto, and a

20  copy of this order upon: **Eral O'Neal, Silva Foster, D. Graham and Charles Sydney**

21  **at Parole Region II, 1950 University Avenue, Berkeley, California.**  The Clerk shall

22  also mail a courtesy copy of the Complaint, all attachments thereto, and this order to the

23  California Attorney General's Office and serve a copy of this order on Plaintiff.

24       2.  No later than **sixty (60) days** from the date of this order, Defendant shall either

25  file a motion for summary judgment or other dispositive motion, or a notice to the Court

26  that he/she is of the opinion that this matter cannot be resolved by dispositive motion.

27

28                                              3

The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

a.  If Defendant elects to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant **shall** do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 & n.4 (9th Cir. 2003).

b.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, she/he shall so inform the Court prior to the date the summary judgment motion is due**.

All papers filed with the Court shall be promptly served on the Plaintiff.

3.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.

a.  In the event the Defendant files an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 & n.4 (9th Cir. 2003):

> If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.
> You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.
> If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

b.  In the event Defendant files a motion for summary judgment, the Ninth

4

Circuit has held that the following notice should be given to pro se Plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

4.  Defendant <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

5.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

6.  All communications by the Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendant's counsel.

5

7.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: May 3, 2010

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DENNIS SHARKEY,

            Plaintiff,

  v.

ERAL O'NEAL et al,

            Defendant.
_____/

Case Number: CV09-04341 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 3, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dennis Sharkey CO7641
P.O. Box 5003
Coalinga, CA 93210

Dated: May 3, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk