IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS SHARKEY, | No. C 09-4341 JSW (PR) |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS AND RESOLVING PENDING MOTIONS** |
| v. | |
| PAROLE AGENT E. O'NEAL, PAROLE AGENT D. GRAHAM, PAROLE AGENT S. FOSTER, PAROLE DIVISION SUPERVISOR C. SYDNEY, | (Docket Nos. 13, 14, 17, 18, 21) |
| Defendants. | |

**INTRODUCTION**

Plaintiff, currently a civil detainee at Coalinga State Hospital in Coalinga, California, has filed this pro se civil rights complaint alleging that his constitutional and civil rights were violated by certain parole officials in Alameda County when he was out on parole. On May 3, 2010, after reviewing the allegations in the complaint pursuant to 28 U.S.C. § 1915A(a), the Court issued an Order of Service.

On July 30, 2010, Defendants Foster and Graham filed a motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Plaintiff has filed an opposition and Defendants have filed a reply. The motion is GRANTED and the claims against all Defendants are DISMISSED for the reasons set forth below (docket no. 13). The other miscellaneous pending motions are addressed below.

**DISCUSSION**

Plaintiff claims that he is wheelchair bound and that Defendants, employees of the Parole Division of the California Department of Corrections and Rehabilitation, violated his rights in moving him to a residence that was inadequate for his medical and accessibility needs after it was apparently determined that he could not continue to reside in his accessible residence of more than four years after the enactment of "Jessica's Law." Plaintiff complains that Defendants violated his rights under Title VII, the Americans with Disabilities Act and various constitutional rights under 42 U.S.C. § 1983 in the unreasonable and discriminatory manner in which he was moved to an unsafe living environment.

Defendants argue that the claims are barred by the statute of limitations. Section 1983 does not contain its own limitations period, but the appropriate period is that of the forum state's statute of limitations for personal injury torts, which, in California is the two-year period set forth at California Civil Procedure Code § 335.1. *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Plaintiff's claim accrued between December 27, 2006, and March 2007, when he alleges that Defendants required him to move to and stay in inaccessible lodgings. *See Zolotarev v. San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008) (under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). The complaint was not filed until September 17, 2009, approximately two and a half years after the last events alleged in March 2007 occurred. Therefore, the claims are barred as untimely, absent tolling.

The limitation period may be tolled due to a plaintiff's imprisonment "on a criminal charge" for a maximum of two years. *See* Cal. Civ. Proc. Code § 352.1(a). The parties do not dispute that Plaintiff was a parolee at the time the cause of action accrued and that he was later incarcerated as a civil detainee May 1, 2008. The statute of limitations is not tolled for a parolee, however, *see Deutch v. Hoffman*, 165 Cal. App. 3d

1   152, 156 (1985), nor is it tolled for civil detainees, *see Jones v. Blanas*, 393 F.3d 927-28
2   (9th Cir. 2004) (citing *Hubbart v. Superior Court*, 969 P.2d 584, 605-11 (Cal. 1999)).
3   Consequently, the complaint is not rendered timely by tolling under Section 352.1 of the
4   California Code of Civil Procedure.

5         Plaintiff argues that he was "litigating" his claims until May 1, 2008. In support
6   of this argument, he attaches two letters to his opposition. (Opp. Ex. 3). The letter are
7   from a law firm December 2007 and May 2008 addressing Plaintiff's inquiry into the
8   applicability of the ADA to county jails and the Department of Mental health. These
9   letters at most only establish that Plaintiff was looking for legal assistance, not that he
10  filed the present lawsuit any earlier. Nor does this case involve the government entities
11  referenced in the first letter. As a result, these letters do not establish that the limitations
12  period had not expired by the time he filed this action, or that this case should not be
13  dismissed as untimely.[1]

14        Plaintiff has also filed a motion for default judgment against Defendants O'Neal
15  and Sydney. The motion will be denied because the reply to this motion filed by defense
16  counsel specially appearing on their behalf establishes that these Defendants were not
17  properly served. Moreover, for the reasons discussed above, the claims against these
18  Defendants are barred by the statute of limitations, and will be dismissed accordingly.

19  **CONCLUSION**

20        For the foregoing reasons, Defendants' motion to dismiss the complaint as
21  untimely (docket number 13) is GRANTED and the claims against all Defendants are
22  DISMISSED. Defendants' request for judicial notice (docket number 14) is DENIED as
23  unnecessary.

24        Plaintiff's motion for an extension of time (docket number 17) is GRANTED.

---

[1] Because the complaint is barred by the statute of limitations, the Court need not address the alternative arguments for dismissal advanced in Defendants' motion.

1  Plaintiff's "motions" for default judgment and against Defendants' request for judicial
2  notice (docket number 18, 21) are DENIED.   Therefore, Plaintiff's motion for counsel is
3  DENIED as moot.
4  　　　　The Clerk shall terminate all pending motions, enter judgment and close the file.
5  　　　　IT IS SO ORDERED.
6  DATED: February 25, 2011

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　JEFFREY S. WHITE
　　　　　　　　　　　　　　　　United States District Judge