IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS SHARKEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAROLE AGENT E. O'NEAL, PAROLE AGENT D. GRAHAM, PAROLE AGENT S. FOSTER, PAROLE DIVISION SUPERVISOR C. SYDNEY,<br><br>　　　　Defendants. | No. C 09-4341 JSW (PR)<br><br>**ORDER GRANTING LEAVE TO FILE AN AMENDED COMPLAINT** |

　　　　Plaintiff, a civil detainee at Coalinga State Hospital in Coalinga, California, filed this pro se civil rights complaint alleging that his constitutional and civil rights were violated by certain parole officials in Alameda County when he was out on parole. He claims that Defendants violated his rights under Title VII of the Civil Rights Act, the Americans with Disabilities Act and various constitutional rights under 42 U.S.C. § 1983. Applying a two-year statute of limitations, the Court dismissed the claims as untimely. On appeal, the United States Court of Appeals for the Ninth Circuit found that a three-year limitation period applies to Plaintiff's ADA claims, and that Plaintiff should be granted leave to amend to allege facts that render his Section 1983 and Title VII claims timely under a two-year statute of limitations. The Ninth Circuit reversed this Court's judgment and remanded the case for further proceedings.

Pursuant to the remand order from the Ninth Circuit, Plaintiff is GRANTED leave to file an amended complaint **within twenty eight (28) days from the date this order is filed** in which he alleges facts that render his claims under Section 1983 and Title VII timely. Plaintiff is advised to use the Court's complaint form. The amended complaint **must** include the caption and civil case number used in this order (No. C 09-4341 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Moreover, because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference. In other words, if he files an amended complaint, he must not only cure the deficiencies in his claims under Section 1983 and Title VII, but he must also include his ADA claims in his amended complaint or they will no longer be a part of this case. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of his claims under, and the case will only proceed on the basis of his claims under the ADA</u>.

IT IS SO ORDERED.

DATED: <u>March 31, 2015</u>

JEFFREY S. WHITE
United States District Judge