IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS SHARKEY, ) | No. C 09-4341 JSW (PR) |
| ) | |
| Plaintiff, ) | **ORDER DISMISSING FIRST AMENDED COMPLAINT; GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| ) | |
| v. ) | |
| ) | |
| PAROLE AGENT E. O'NEAL, PAROLE ) AGENT D. GRAHAM, PAROLE ) AGENT S. FOSTER, PAROLE ) DIVISION SUPERVISOR C. SYDNEY, ) | |
| ) | |
| Defendants. ) | |
| _____ | |

      Plaintiff, a civil detainee at Coalinga State Hospital in Coalinga, California, filed this pro se civil rights complaint alleging that his constitutional and civil rights were violated by certain parole officials in Alameda County when he was out on parole. He claims that Defendants violated his rights under Title VII of the Civil Rights Act, the Americans with Disabilities Act and various constitutional rights under 42 U.S.C. § 1983. Applying a two-year statute of limitations, the Court dismissed the claims as untimely. On appeal, the United States Court of Appeals for the Ninth Circuit found that a three-year limitation period applies to Plaintiff's ADA claims, and that Plaintiff should be granted leave to amend to allege facts that render his Section 1983 and Title VII claims timely under a two-year statute of limitations. The Ninth Circuit reversed this Court's judgment and remanded the case for further proceedings.

Pursuant to the remand order from the Ninth Circuit, Plaintiff was granted leave to file an amended complaint in which he alleged facts that render his claims under Section 1983 and Title VII timely. Plaintiff was also advised that the amended complaint would completely replace his original complaint and that he would not be permitted to incorporate material from the original by reference. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Plaintiff timely filed an amended complaint again asserting violations of the ADA, Section 1983 and Title VII. It has two principal flaws. First, it does not allege sufficient facts to support his claims. Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Plaintiff simply alleges that Defendants, parole agents, violated his rights when they "deliberately misapplied an enactment to him." He does not identify which "enactment," nor does he describe in any manner what actions they took or how such actions violated his rights. He goes on to assert that he was denied his constitutional rights to due process and to "fair and non-discriminatory treatment," but he does not allege any actions by them or any other facts that describe how these violations took place. In his original complaint, Plaintiff sufficiently described Defendants' offending conduct, but Plaintiff was informed that the amended complaint would completely replace the original complaint. The amended complaint simply sets forth "labels and conclusions" that are not sufficient to state a cognizable claim against Defendants.

Secondly, the amended complaint does not allege new facts that would render his Section 1983 and Title VII claims timely. The Ninth Circuit affirmed that a two-year statute of limitations applies to those claims. Therefore, Plaintiff must allege violations that took place within two years of on August 31, 2009, the date the original complaint is deemed filed under the so-called "mailbox rule,"[1] or must allege violations that took place earlier and also allege facts that establish a basis for tolling the limitations period. The amended complaint alleges no dates of any violations of his rights under Section 1983 or Title VII, or of any actions taken by Defendants that caused such violations. As a result, he has not cured the deficiency in his Section 1983 and Title VII claims.

Because of Plaintiff's pro se and incarcerated status, and because it appears from his amended complaint that he still wishes to pursue his claims under Section 1983 and Title VII, as well as his ADA claims, he will be given one more opportunity to amend his complaint to state cognizable claims for relief. In order to avoid dismissal of his claims under Section 1983 and Title VII, Plaintiff must file a second amended complaint that complies with the following requirements:

1. The second amended complaint cures the deficiencies noted in this order by alleging (a) sufficient facts to state "plausible" claims for relief, including the actions Defendants took or failed to take that led to the violation of his rights, and (b) facts that render his claims under Section 1983 and Title VII timely, as described above;

2. The second amended complaint is filed within **28 days** of the date this order is filed;

3. The second amended complaint, preferably on the Court's form for civil rights complaint, includes the caption and civil case number used in this Order (Case No. C. 09-4341 JSW (PR) and the words "COURT-ORDERED SECOND AMENDED

---

[1] This is the date this pro se complaint was signed and presumably given to prison authorities for mailing.

3

COMPLAINT" on the front page;

4. The second amended complaint does not incorporate by reference any material from the original or first amended complaints, but rather includes *all of the claims* he wishes to pursue.

<u>Failure to file a second amended complaint within the designated time and in accordance with this Order will result in the dismissal of his claims under Section 1983 and Title VII, and the case will only proceed on the basis of his claims under the ADA as set forth in the original complaint</u>.

The amended complaint, filed on June 22, 2015 (dkt. 43), is DISMISSED. This order terminates docket number 45.

IT IS SO ORDERED.

DATED: September 1, 2015

                JEFFREY S. WHITE
                United States District Judge