IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS SHARKEY, <br><br> Plaintiff, <br><br> v. <br><br> PAROLE AGENT E. O'NEAL, PAROLE AGENT D. GRAHAM, PAROLE AGENT S. FOSTER, PAROLE AGENT RICHARD WASTER; PAROLE AGENT ANN RICHARD; PAROLE AGENT C. DE LA CRUZ; PAROLE AGENT DAVE MCAULEY; PAROLE SUPERVISOR CHARLES SYDNEY, <br><br> Defendants. | No. C 09-4341 JSW (PR) <br><br> **ORDER OF SERVICE AND PARTIAL DISMISSAL WITHOUT PREJUDICE** <br><br> (Dkt. 53) |

Plaintiff, a civil detainee at Coalinga State Hospital in Coalinga, California, filed this pro se civil rights complaint alleging that his constitutional and civil rights were violated by certain parole officials in Alameda County when he was out on parole. He claims that Defendants violated his rights under Title VII of the Civil Rights Act, the Americans with Disabilities Act and various constitutional rights under 42 U.S.C. § 1983. Applying a two-year statute of limitations, the Court dismissed the claims as untimely. On appeal, the United States Court of Appeals for the Ninth Circuit found that a three-year limitation period applies to Plaintiff's ADA claims, and that Plaintiff should be granted leave to amend to allege facts that render his Section 1983 and Title VII

claims timely under a two-year statute of limitations. The Ninth Circuit reversed this Court's judgment and remanded the case for further proceedings.

Pursuant to the remand order from the Ninth Circuit, Plaintiff was granted leave to file an amended complaint in which he alleged facts that render his claims under Section 1983 and Title VII timely. Plaintiff was also advised that the amended complaint would completely replace his original complaint and that he would not be permitted to incorporate material from the original by reference. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff timely filed an amended complaint, again asserting violations of the ADA, Section 1983 and Title VII. It failed to allege facts to support any of these claims, however. It also failed to allege facts that would render his Section 1983 and Title VII claims timely, namely violations that took place within two years of on August 31, 2009, the date the original complaint is deemed filed,[1] or violations that took place earlier and also facts that establish a basis for tolling the limitations period. Because of Plaintiff's pro se and incarcerated status, and because it appeared that he still wished to pursue all of his claims, he was given leave to file a second amended complaint.

Plaintiff has timely filed a second amended complaint, which alleges a variety of actions and names a number of defendants who were not included in the original complaint. In 2007, Plaintiff was on parole and disabled, requiring the use of wheelchair and two canes to walk. Plaintiff alleges that in April or May 2007, he was moved to the Coliseum Inn in Oakland, which did not have adequate handicap accommodations and was 12 to 15 miles from the parole office in Berkeley where he had to travel regularly to report to and to pick up his rent check. He alleges that other parolees at that residence had their rent checks delivered to them. He also alleges that in August 2007, he

---

[1] This is the date this pro se complaint was signed and presumably given to prison authorities for mailing.

requested but did not obtain permission to remove his ankle bracelet temporarily so that he could undergo hip surgery. Further, he claims that in August 2007, his parole was improperly revoked because he had filed too many complaints about the parole agents, they did not like attorneys who were representing him in a different matter, and he was too "troublesome and annoying." Finally, he alleges that following the revocation he was transported from the Berkeley parole office to the Deuel Vocational Institute ("DVI") in Tracy, California, 50 miles away, without his canes or a wheelchair or other accommodation for his disabilities. He claims that the Defendants responsible for these actions were employees of Region II of the Parole Division of the California Department of Corrections and Rehabilitation in Berkeley, California, at that time: Parole Agents E. O'Neal, Silva Foster, D. Graham, Richard Easter, Ann Richard, C. De La Cruz, Stamos, and Dave McAuley, and Parole Supervisor Charles Sydney, as well as the CDCR itself. He claims that they violated his rights under the ADA, Title VII, and a variety of constitutional amendments. When liberally construed, these claims are cognizable.

Plaintiff also makes allegations that once he got to DVI, unnamed prison employees did not accommodate his disabilities and failed to provide him with adequate medical care. Because those claims are against different Defendants and arise from different events that took place prior to his entry in prison, they are improperly joined in this case under Federal Rules of Civil Procedure 18 and 20. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Accordingly, they are DISMISSED without prejudice to raising in a new complaint filed in a new action.

Because it is not clear that Plaintiff wishes to abandon the ADA claim from the original complaint that was found cognizable by the Ninth Circuit, in the interests of justice, the second amended complaint is deemed an amendment to the original complaint. In other words, the ADA claims in the original complaint remain in this case. The claims under Section 1983 and Title VII from the original complaint, which were

untimely and have not been cured by Plaintiff's two opportunities to amend, are DISMISSED. This ruling does not undermine the conclusion that the Section 1983 and Title VII, and ADA claims set forth in the second amended complaint are, when liberally construed, cognizable.

In order to expedite the resolution of this matter, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the original complaint (dkt. 1), the second amended complaint (dkt. 51), all attachments to both pleadings, and a copy of this order upon: Parole Agents E. O'Neal[2], Richard Easter, Ann Richard, C. De La Cruz, Stamos, and Dave McAuley, and Parole Supervisor Charles Sydney, at Region II of the Parole Division of the California Department of Corrections and Rehabilitation in Berkeley, California.

The Clerk shall also serve a copy of this order on Plaintiff and on the California Attorney General, who is representing Defendants Graham and Foster.

2. Defendants shall file an answer to the complaint, as amended by the second amended complaint, in accordance with the Federal Rules of Civil Procedure.

3. a. No later than **91 days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which

---

[2]In the second amended complaint, Plaintiff alternately states that Mr. O'Neal's first name is "Eric" and "Earl." (*See* Second Amend. Compl. at 1, 2, 5.)

4

is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

      c. Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

      e. Along with his motion, defendants shall file proof that they served Plaintiff the *Rand* warning at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion.

      4. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel, by mailing a true copy of the document.

      5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

      6. It is the Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      IT IS SO ORDERED.

DATED: January 15, 2016

JEFFREY S. WHITE  
United States District Judge

## NOTICE -- WARNING (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.